1

**GLUCK LAW FIRM P.C.**
Jeffrey S. Gluck (SBN 304555)
2125 S. Beverly Drive
Los Angeles, California 90034
Telephone: 310.776.7413

2

3

4

**ERIKSON LAW GROUP**
David Alden Erikson (SBN 189838)
Antoinette Waller (SBN 152895)
S. Ryan Patterson (SBN 279474)
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100

5

6

7

8

Attorneys for Plaintiffs

9

10

UNITED STATES DISTRICT COURT

11

NORTHERN DISTRICT OF CALIFORNIA

12

13
14
15
16

MONICA CANILAO, an individual;
ZARATHUSTRA WESOLOWSKI, an
individual; ELLERY BAKAITIS, an
individual; JEREMY NOVY, an
individual; SUSAN GREENE, an
individual; and HAILEY GAISER, an
individual,

17

Plaintiffs,

18

v.

19

20

CITY COMMERCIAL INVESTMENTS,
LLC, a California limited liability
company; and DOES 1-10, inclusive,

21

22

Defendants.

**COMPLAINT FOR VIOLATION
OF THE VISUAL ARTISTS
RIGHTS ACT (VARA)**

**DEMAND FOR JURY TRIAL**

23

24

25

26

27

28

Plaintiffs Monica Canilao, Zarathustra Wesolowski (p/k/a "Xara Thustra"),

Ellery Bakaitis, Jeremy Novy, Susan Greene, and Hailey Gaiser (collectively,

"Plaintiffs," or the "Artists") hereby complain against Defendants City Commercial

Investments, LLC ("CCI"), and Does 1-10 (collectively, with CCI, "Defendants"), as

follows.

**INTRODUCTION**

1.      Defendant is the owner of the building at 399 9th Street in San Francisco. The building was the longtime home of the bar called the Stud—a beloved institution in the Bay Area LGBTQ community. Soon after the Covid pandemic forced the Stud to permanently close, Defendant inexplicably whitewashed and destroyed a number of iconic murals that graced the building, causing great anguish in the community. Such conduct is exactly what Congress meant to prevent when it enacted the Visual Artists Rights Act. Accordingly, the artists of the murals bring this action to vindicate these rights (as well as rights afforded them under California law).

**JURISDICTION AND VENUE**

2.      This Court has original subject matter jurisdiction over this action and the claims asserted herein, pursuant to 28 U.S.C. Section 1331 ("federal question jurisdiction") and 1338(a)-(b) ("patent, copyright, trademark and unfair competition jurisdiction") in that this action arises under the laws of the United States and, more specifically, Acts of Congress relating to patents, copyrights, trademarks, and unfair competition. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. Section 1367(a) ("supplemental jurisdiction") in that they are so related to the federal law intellectual property claims in the action that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Defendants are subject to the personal jurisdiction of the Court because they do or transact business in, have agents in, or are otherwise found in and have purposely availed themselves of the privilege of doing business in California and in this District, and because the alleged misconduct was directed to California and this district. Further, Defendants have sufficient "minimum contacts" to California or the United States, on which to base the exercise of personal jurisdiction.

4.      Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(1)-(3) because a substantial part of the events or omissions giving rise to the claims

COMPLAINT

1  occurred in this District, and because Defendants are subject to personal jurisdiction

2  here.

**THE PARTIES**

4  5.    Plaintiff Monica Canilao is, and at all times relevant herein has been a

5  resident of Oakland, California.

6  6.    Plaintiff Zarathustra Wesolowski (p/k/a "Xara Thustra") is, and at all

7  times relevant herein has been a resident of San Francisco, California.

8  7.    Plaintiff Ellery Bakaitis is, and at all times relevant herein has been a

9  resident of New Orleans, Louisiana.

10  8.    Plaintiff Jeremy Novy is, and at all times relevant herein has been a

11  resident of San Francisco, California.

12  9.    Plaintiff Susan Greene is, and at all times relevant herein has been a

13  resident of San Francisco, California.

14  10.    Plaintiff Hailey Gaiser is, and at all times relevant herein has been a

15  resident of Portland, Oregeon.

16  11.    Defendant City Commercial Investments, LLC is the owner of the real

17  property located at 399 9th St., San Francisco, CA 94130, and is responsible for the

18  wrongful acts alleged herein concerning said property.

19  12.    Plaintiff is ignorant of the true names and capacities of the Defendants

20  sued herein as Does 1-10, inclusive, and therefore sues said Defendants by such

21  fictitious names. Plaintiff will amend this Complaint to allege the true names and

22  capacities when the same has been ascertained. Plaintiff is informed and believes, and

23  thereon alleges, that each fictitiously-named Defendant is responsible in some manner

24  for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were

25  proximately caused by their conduct.

26  13.    Each of the Defendants acted as an agent for each of the other

27  Defendants in doing the acts alleged and each Defendant ratified and otherwise

28  adopted the acts and statements performed, made or carried out by the other

3                                                          COMPLAINT

1  Defendants so as to make them directly and vicariously liable to the Plaintiff for the

2  conduct complained of herein.

3  **GENERAL ALLEGATIONS**

4  14.    Plaintiffs are highly acclaimed contemporary artists, well known in the

5  art world and icons in the LGBTQ community.

6  15.    In 2017, Plaintiffs each contributed a mural to the exterior of the Stud—

7  San Francisco's oldest continuously operating queer bar—located at 399 9th St., in the

8  South of Market neighborhood. Specifically, Monica Canilao painted the mural

9  "*Stepping Out*;" Xara Thustra painted the mural "*Queer Trans Spaces*;" Ellery

10  Bakaitis painted the mural "*Hands, Face, Lips and Teeth*;" Jeremy Novy painted the

11  mural "*Stud Stencil, no. 1*;" Hailey Gaiser painted the Mural "Eyes Wide Open;" and

12  Susan Greene painted the mural "*Head First*." The individual Murals are shown

13  below.



*Ellery Bakaitis,*
*Hands, Lips, Face, and Teeth*





Xara Thustra,
*"Queer Trans Spaces"*

Jeremy Novy,
*"Stud Stencil no. 1"*

COMPLAINT





Monica Canilao,          Hailey Gaiser,          Susan Greene,
*Stepping Out*          *Eyes Wide Open*          *Head First*

16.     The process of creating the Murals became a community celebration as many generations of queers, elders and youth, from all walks of life, came out to visit and cheer the Artists on. Over the following years the Murals being located at the off ramp of the I-80's 9th street exit was a highlight for all people to see and the Murals became a symbol of the LGBTQ community's fight to stay in San Francisco. Passersby and bar patrons would pose and take pictures with friends, memorials were centered there and celebrations were held daily, all in front of Murals that were proclaiming a message of queer safety and solidarity. The community venerated the Murals and saw them as an important symbol of refuge.

17.     The Stud, like many other bars and restaurants across the country, suffered debilitating losses as a result of the recent pandemic and related "stay-at-home" orders issued by Governor Newsom, and San Francisco's Mayor London Breed. Sadly, the weight of these losses was too much to bear, and on or about May 31, 2020, the Stud closed its doors after 54 years in business, and 33 years at the corner of 9th and Harrison.

18.     The owners of the Stud requested info from Defendants about their plans for the building, specifically noting that if the building was to be demolished that

COMPLAINT

1   community members were interested in the facade being saved, preserved and moved;

2   or that pieces of the building could be distributed.

3          19.     The Stud had moved out on the eve of June, which is LGBTQ pride

4   month, and most importantly to all San Franciscans, the 50 year anniversary of the

5   city's historic Pride Week celebration, where millions of people and the world's eyes

6   land on the SF LGBTQ community to continue to lead the way in a worldwide

7   struggle for human rights.

8          20.     On June 20th, 2020,  unannounced, Defendants began to paint the

9   building white, and then beige. The moment Defendants' began whitewashing and

10  erasing the Artists' Murals, people on the street asked them to stop, but they refused.

11         21.     As word of the destruction of Plaintiffs' Murals spread, there was an

12  outpouring of emotions and stories throughout the community. As covered in the

13  news media—including Kron 4 News, SFGATE, the SF Chronicle, and many

14  others—the community was angered and saddened that their history was being

15  flippantly erased by Defendants without notifying the community that had paid rent to

16  them for decades.

17         22.     By mid-week of Pride 2020—an event that was already severely

18  marginalized by the ongoing pandemic—the Murals were completely destroyed.

19  Defendants' choice to destroy the Murals, without warning, and during the historic

20  50th anniversary of San Francisco's Pride festival, demonstrated their clear disdain

21  for, and degradation of the Artists, and the San Francisco LGBTQ community.

22         23.     The Artists and the San Francisco LGBTQ community were harmed,

23  damaged, and outraged that a piece of LGBTQ history was intentionally destroyed

24  during such trying times. By destroying the Murals without notice to Plaintiffs, and in

25  plain view to the public—in particular, the LGBTQ community—Defendants' act of

26  destruction conveyed the false statement, and was a false statement, to the public that

27  Plaintiffs and their work did not rise to the level of being worthy of any preservation,

28  including, but not limited to, legally-required preservation under VARA and

6                                                         COMPLAINT

California Civil Code Section 987(c)(a), thereby injuring Plaintiffs in their occupation. Defendants, by complying with the law, could have prevented making the false statements concerning the status of Plaintiffs as artists, and the status of their work.

**First Claim for Relief for Infringement of Rights of Integrity and Attribution under the Visual Artists Rights Act (17 U.S.C. § 106A)**

**(Against All Defendants)**

24. Plaintiff incorporates herein by this reference all prior paragraphs as if set forth in full in this cause of action.

25. Plaintiffs are the authors of works of visual art, which were created in 2017, on the façade of the real property located at 399 9th St., San Francisco, California. Plaintiffs are citizens of the United States.

26. Plaintiffs' Murals are works of recognized stature, and Plaintiffs have at all times since the creation of the Murals been the sole owners of their respective works.

27. On or about June 20, 2020, Defendants willfully and intentionally desecrated, distorted, mutilated, and otherwise modified the Murals, in violation of Plaintiffs' rights of integrity in their work, as set forth in Title 17, Section 106A(a)(3)(A) and (B) of the United States Code. Defendants did so by whitewashing the entirety of Plaintiffs' Murals.

28. Despite being on notice as to Plaintiffs' rights in the Murals, and having received requests that the Murals be preserved, Defendants failed to notify Plaintiffs prior to destroying Plaintiffs' Murals.

29. In destroying and mutilating Plaintiffs' Murals, Defendants acted willfully, intentionally, and/or with gross negligence. Defendants' destruction of Plaintiffs' works of recognized stature are the proximate cause of the prejudice to Plaintiffs' honor and reputation.

COMPLAINT

**Second Claim for Relief for Intentional Destruction of Fine Art**

**under Cal Civ. Code § 987, *et seq.***

**(Against All Defendants)**

30.    Plaintiffs incorporate herein by this reference all prior paragraphs as if set forth in full in this cause of action.

31.    Plaintiffs are the authors of works of visual art, which were created in 2017, on the façade of the real property located at 399 9th St., San Francisco, California. Plaintiffs are citizens of the United States.

32.    Plaintiffs' Murals are works of recognized stature, and Plaintiffs have at all times since the creation of the Murals been the sole owners of their respective works.

33.    On or about June 20, 2020, Defendants willfully and intentionally desecrated, distorted, mutilated, and otherwise modified the Murals, in violation of Plaintiffs' rights of integrity in their work, as set forth in Cal. Civ. Code ¶ 987, *et seq*. Defendants did so by, among other things, whitewashing the entirety of Plaintiffs' Murals.

34.    Despite being on notice as to Plaintiffs' rights in the Murals under California law, and having received requests that the Murals be preserved, Defendants failed to notify Plaintiffs prior to destroying Plaintiffs' Murals.

35.    In committing these wrongful acts, Defendants acted in conscious disregard of the rights of Plaintiff and without taking advantage of preservation techniques that would have saved the Mural for future enjoyment. Defendants' conduct warrants an assessment of punitive damages to the extent such damages are available against each Defendant, in an amount appropriate to punish Defendants and deter others from engaging in similar wrongful conduct.

COMPLAINT

**Third Claim for Relief for Negligence**

**(Against All Defendants)**

36.     Plaintiffs incorporate herein by this reference all prior paragraphs as if set forth in full in this cause of action.

37.     Defendants, as custodians of the Murals, owed a duty of care to Plaintiffs to preserve the Murals and provide Plaintiffs the opportunity to remove the Murals from Defendants' property; at which point Plaintiffs would have been able to take title to their Murals free and clear of any adverse claims.

38.     By engaging in the acts alleged above, Defendants breached their duty to Plaintiffs by destroying Plaintiffs' Murals without warning or notice to Plaintiffs.

39.     Defendants destructive acts were the proximate cause Plaintiffs' injuries—the amount of which is to be proven at trial.

40.     Defendants' conduct was so malicious, fraudulent, and oppressive as to warrant an assessment of punitive damages, to the extent such damages are available against Defendants, in an amount appropriate to punish Defendants and deter others from engaging in similar wrongful conduct.

**PRAYER**

WHEREFORE, Plaintiffs pray judgment against Defendants as follows:

1.     That Plaintiffs are awarded all damages, including statutory damages, and future damages, that Plaintiffs have sustained, or will sustain, as a result of the acts complained of herein, subject to proof at trial;

2.     That, alternatively for Plaintiffs' VARA claim, the Court award statutory damages in the maximum amount permitted by the Copyright Act;

3.     That Plaintiffs are awarded their costs, attorneys' fees and expenses in this action;

4.     That Plaintiffs are awarded pre-judgment interest;

5.     For an order permanently enjoining Defendants and their employees, agents, servants, attorneys, representatives, successors, and assigns, and any and all

COMPLAINT

1  persons in active concert or participation with any of them, from engaging in the

2  misconduct referenced herein;

3        6.    For punitive damages in an amount sufficient to deter Defendants, and

4  each of them, from their wrongful conduct; and

5        7.    For further relief, as the Court may deem appropriate.

6

7

8  DATED: November 13, 2020        ERIKSON LAW GROUP

9                      By:      /s/

10                           David A. Erikson

                          Attorneys for Plaintiffs

11

12

13

COMPLAINT

1

**DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a jury trial on its claims on all issues triable by a jury.

3

4

DATED: November 13, 2020          ERIKSON LAW GROUP

5

By:    _____/s/_____

6

David A. Erikson
Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT