UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA CANILAO, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY COMMERCIAL INVESTMENTS, LLC,<br><br>    Defendant. | Case No. 20-cv-08030-EMC<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REOPEN EXPERT DISCLOSURES, ENLARGE TIME FOR EXPERT DISCOVERY, AND STAY PRE-TRIAL DEADLINES**<br><br>Docket No. 108 |

Plaintiffs Monica Canilao, Zarathustra Wesolowski, Ellery Bakaitis, Jeremy Novy, Susan Greene, and Hailey Gaiser (collectively, "Plaintiffs") filed suit against Defendant City Commercial Investments, LLC ("CCI"). Docket No. 81. Plaintiffs filed a motion to reopen expert disclosures, enlarge the time for expert discovery, and stay pre-trial deadlines. Docket No. 108. CCI filed an opposition. Docket No. 109.

Plaintiffs lack good cause to modify the deadline for expert disclosure and discovery. On May 6, 2021, the Court set the expert disclosure deadline as March 10, 2022, and the expert discovery deadline as March 31, 2022. Docket No. 24. A year later, in April 2022, the parties stipulated to extend the date for non-expert discovery: "The deadline by which the parties must complete *non-expert* discovery is extended from April 11, 2022, to and including June 13, 2022." Docket Nos. 52, 54 (emphasis added). There is no reference in this stipulation to continue the dates for *expert* disclosure or discovery. There is no other stipulation that extends the dates for expert disclosure or discovery. Now, Plaintiffs contend that the deadlines for expert disclosure and discovery were encompassed and extended by the April 2022 stipulation. Docket No. 108.

Plaintiffs' argument is unpersuasive. Plaintiffs have presented no evidence or persuasive argument that the parties were confused about the deadlines that the Court set. Although other

districts have found good cause to extend the deadline when there is "some confusion" between the parties over the deadline, *see, e.g.*, *Cunningham v. Vivint*, No. 2:19-cv-00568-DBB-CMR (D. Utah Apr. 19, 2021), here the terms of the stipulation were plain. Indeed, Plaintiffs' counsel did not mention anything about expert disclosures or discovery until the December 13, 2022 pretrial conference. To allow a retrospective change in expert discovery deadline now would require the Court to grant relief from the case management schedule pursuant to Fed. R. Civ. P. 16(b)(4). Plaintiffs have shown no good cause therefor. Even if the Court accepts the argument that parties intended to extend the expert disclosure and discovery deadlines by the April 2022 stipulation, but neglected to so state, the correlative deadline for expert discovery presumptive would have been extended by two months the same amount of extension of the non-expert discovery. This would have set the new expert discovery deadline to May, 2022. But Plaintiffs did not disclose any experts by May 2022.

Additionally, Plaintiffs argue that the pretrial deadlines should all be stayed to await Plaintiffs' filing of a sanctions motion. Plaintiffs argue that CCI did not disclose and supplement its discovery responses with information about an "independent third party's" role in painting over the murals. Docket No. 108 at 5. But in the two months since allegedly learning of this new information, Plaintiffs have not made any moves to confer with CCI, send a Rule 11 letter, or file a Rule 11 motion. In any event, the pretrial deadlines should not be stayed on the attenuated possibility that Plaintiffs may file a motion in the interim; the issue can be revisited if and when Plaintiffs do file a Rule 11 motion.

Thus, Plaintiffs' Motion for Extension of Time to Complete Discovery and Disclosure of Experts and to Stay Pre-Trial Schedule Pending Rule 11 Motion is **DENIED**.

This order disposes of Docket No. 108.

**IT IS SO ORDERED**.

Dated: February 6, 2023

_____
EDWARD M. CHEN
United States District Judge